# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALPHONSO JENNINGS,**

       **Plaintiff,**

   v.                              **Civil Action 2:17-cv-328**
                                            **Judge George C. Smith**
                                            **Magistrate Judge Jolson**

**JPAY INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Alphonso Jennings, a *pro se* prisoner, filed a Motion for Leave to Proceed *in forma pauperis* on April 18, 2017. (Doc. 1). Pursuant to 28 U.S.C. § 1915(a), that Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, as explained below, the Court concludes this action cannot proceed.

Because Plaintiff is proceeding *in forma pauperis*, this Court must conduct an initial screening pursuant to 28 U.S.C. § 1915. The Court must dismiss the Complaint if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers...."); *Thompson v. Kentucky*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) ("Although *pro se* complaints are to be construed liberally, they still must set forth a cognizable federal claim." (citation omitted)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Applying those standards here, the Undersigned **RECOMMENDS DISMISSAL**. (Doc. 1-2).

## I. BACKGROUND

In the instant case, Plaintiff seeks to recover damages for an alleged constitutional violation by JPay Inc. ("JPay"), a Florida company providing services to Plaintiff and other inmates in the London Correctional Institution. (*Id*. at 6, PAGEID #: 21). Although not entirely clear, Plaintiff claims that JPay violated his rights under 42 U.S.C. § 1983 by blocking his access to certain information, including institutional communications, emails, photos, and music. (*Id*.). More specifically, Plaintiff claims that JPay blocked his access to that information because he refused to agree to its Terms of Usage, which he views as unfair and one-sided. (*Id*.). Plaintiff sent a detailed complaint to JPay on February 1, 2017, outlining these claims. (*See id*. at 10–23, PAGEID #: 25–38).

## II. DISCUSSION

The governing statute states, in pertinent part:

> Every person who, under color of any statute … of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law ….

42 U.S.C. § 1983. Thus, to bring a successful § 1983 claim for an alleged constitutional violation, the defendant must have acted "under the color of law." *See id*. Stated differently, "the under-the-color-of state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

As Plaintiff acknowledges throughout his Complaint, JPay is a private company (*see, e.g.*, Doc. 1-2 at 3, PAGEID #: 18 (noting "there is no grievance procedure for 'outsourced' private companies in the Ohio penal system"); *id*. at 6, PAGEID #: 21 (stating that he "had to file a complaint with the private company (JPay Inc.) itself, for any discrepancies"); *id*. at 14, PAGEID #: 29 (stating JPay is a "private, for-profit business")), and Plaintiff does not attempt to attribute its actions to the state. *See, e.g*, *Federspiel v. Ohio Republican Party State Cent. Comm.*, 867 F. Supp. 617, 622 (S.D. Ohio 1994) (discussing criteria to determine if private action may be attributable to the state). Thus, there is no government involvement or action. (*See generally* Doc. 1-2). Because Plaintiff cannot prove the "under-the-color-of-law" requirement necessary for a § 1983 action, he cannot state a claim upon which relief may be granted. *See Elam v. Sandusky Register*, No. 2:09-cv-181, 2009 WL 1586499, at *1 (S.D. Ohio June 5, 2009) (dismissing prisoner's complaint where it "fails to state a claim against Defendants for deprivation of due process because it does not allege that Defendants acted under color of law"); *Applegarth v. Hughes*, No. 2:06-cv-2006, 2006 WL 3491149, at *1–2 (S.D. Ohio Dec. 1, 2006) (recommending dismissal of prisoner's complaint for failure to state a § 1983 claim based on private conduct); *see also Fayne v. Clipper*, No. 1:12 cv 2500, 2013 WL 459895, at *2 (N.D. Ohio Feb. 6, 2013) (dismissing claim because "[a]lthough [the plaintiff] utilized a complaint form for a civil rights action filed by a prisoner, he does not identify any constitutional rights which he believes the policy violates, and none is apparent on the face of the Complaint").

III.  CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS DISMISSAL** of the Complaint for failure to state a claim upon which relief can be granted. (Doc. 1-2).

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: May 5, 2017	/s/ Kimberly A. Jolson
	KIMBERLY A. JOLSON
	UNITED STATES MAGISTRATE JUDGE