**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALPHONSO JENNINGS,**

        **Plaintiff,**

   **v.**
                                  **Civil Action 2:17-cv-328**
                                  **Judge George C. Smith**
                                  **Magistrate Judge Jolson**

**JPAY INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This matter, filed by *pro se* prisoner Plaintiff Alphonso Jennings, was terminated on June 19, 2017, when the Court adopted the Undersigned's Report and Recommendation recommending that the Complaint be dismissed. (*See* Docs. 8, 9). On June 28, 2017, Plaintiff filed a Motion seeking reconsideration of the June 19, 2017 dismissal of his case. (Doc. 10). Specifically, Plaintiff contends that reconsideration is warranted under Rule 60(b) of the Federal Rules of Civil procedure because his failure to litigate this matter properly "is solely a result of a lack of education and lack of legal assistance." (*Id*. at 2).

Rule 60(b) allows the court to relieve a party from a final judgment or order where the party shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Even construing the Motion

liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff fails to satisfy that standard.

Consequently, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**. (Doc. 10).

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: September 8, 2017          /s/Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE